UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GINA CYRENE GARRISON,**

    **Plaintiff,**

v.   Case No: 5:19-cv-198-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Social Security disability insurance ("SSDI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **affirmed.**

### I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On July 27, 2014, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning . . . April 4, 2013 (Tr. 210-11).[2] After the agency denied the applications initially and on reconsideration (Tr. 125-27, 133-37), an administrative law judge (ALJ) held a hearing February 9, 2019 and subsequently issued a decision on March 27, 2018 finding Plaintiff not disabled (Tr. 11-23, 52-97). On February 9, 2019, the Appeals Council (AC) issued a notice stating it found no basis for changing the ALJ's decision (Tr. 1-4). Plaintiff has now

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

[2] Plaintiff would later amend her onset of disability date to March 8, 2014.

>exhausted her administrative remedies, and the case is now ripe for review pursuant to 42 U.S.C. §§ 405(g).

(Doc. 17, p. 1-2).

Plaintiff was 54 years old on the date of the ALJ's decision (Tr. 23, 210). Plaintiff has a high school education and completed one year of college (Tr. 57, 223). Plaintiff previously worked as a Unit Clerk/Secretary. (Tr. 22, 60, 223, 251). Based on a review of the record, the ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease, obesity, diabetes, sleep apnea, osteoporosis, depression disorder, anxiety disorder, and affective disorder. (Tr. 13).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of medium work with some limitations. The ALJ found:

> [T]he claimant has the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 404.1567(c), which is unskilled. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs. She should avoid exposure to hazards, such as heights or machinery with moving parts. She cannot perform production rate-pace work. She can only tolerate occasional changes in the routine workplace setting.

(Tr. 15).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, such as a laundry worker, floor worker, machine feeder, inspector, hand packager, ticket marker, and mail clerk. (Tr. 23).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises two issues on appeal: (1) that the ALJ erred in issuing an RFC that is not supported by any of the medical opinions of record; and (2) that the ALJ erred in failing to incorporate Plaintiff's moderate concentration, persistence and pace limitations into the RFC.

**A.  The ALJ properly considered the medical evidence in assessing Plaintiff's RFC**

First, Plaintiff argues that the ALJ erred in issuing an RFC assessment that is not supported by any medical opinions of record, including the opinion of the non-examining state agency physician. Plaintiff claims that the ALJ failed to articulate "specific rational reasons" for not fully crediting Dr. Patty's opinion and concluding that Plaintiff could perform medium work.

Plaintiff argues that "as a lay person, the ALJ is not qualified to interpret raw medical data in functional items." (Doc. 16, p. 15). However, opinions on some issues, including the claimant's RFC, "are not medical opinions. . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); SSR 96-5p; *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877–78 (11th Cir. 2013).

Here, the ALJ considered the opinion of Dr. Patty, state agency consultant, who opined that Plaintiff could lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently. (Tr. 21, 119-21). He further opined Plaintiff could stand and/or walk (with normal breaks) for about six hours in an eight-hour workday, that Plaintiff's ability to push and/or pull (including operation of hand and/or foot controls) is unlimited, and that Plaintiff could never climb ladders, ropes, or scaffolds. (Tr. 21, 119-21). Dr. Patty also opined that Plaintiff must avoid concentrated exposure to hazards, and that Plaintiff did not have any manipulative, visual, or communicative limitations. (Tr. 21, 119-21). The ALJ assigned great weight to Dr. Patty's opinion but found that the medical evidence of record indicated that Plaintiff could lift and carry greater weights. (Tr. 21).

Plaintiff states that the "ALJ failed to articulate any specific rational reasons for not fully crediting Dr. Patty's opinion." However, the ALJ gave Dr. Patty's opinion "great weight," and

indicated that the medical evidence provided additional evidence to support that Plaintiff could perform work at a medium exertion level. The ALJ considered the opinion of consultative examiner Dr. Lewis, who opined that Plaintiff was able to walk over rough or uneven surfaces and could carry out routine ambulatory activities such as shopping and banking. (Tr. 18, 21, 935-39). Dr. Lewis also noted that Plaintiff could squat, perform heel-to-toe walking successfully, and that Plaintiff's motor strength in her shoulders, forearms, wrists, and lower extremities was 5/5 bilaterally. (Tr. 21, 937-38). Dr. Lewis' medical opinion supports the ALJ's determination that Plaintiff could carry more than the light exertional level requirements.

Further, Plaintiff admitted that she left her job not because of physical problems, but because she disliked it and was terminated for repeatedly being late. (Tr. 61-63). During the time Plaintiff claims she could not work due to her medical conditions, she collected unemployment benefits and looked for other work that was similar to her past job. (Tr. 20, 63-64). The ALJ noted that when a person received unemployment benefits, generally, they must certify that "they are able to work on a regular basis, which is diametrically opposed to the claimant's allegation that she is disabled and unable to work." (Tr. 20). Courts have found that a claimant's receipt of unemployment benefits to be inconsistent with a claim of disability during the same period. *Ricker v. Comm'r of Soc. Sec.*, No. 5:13-CV-479-OC-18PRL, 2014 WL 6610849, at *10 (M.D. Fla. Nov. 21, 2014) (finding that the ALJ properly considered the plaintiff's receipt of unemployment benefits); *Parsons v. Astrue,* 5:06CV217RSEMT, 2008 WL 539060 (N.D. Fla. Feb.22, 2008) (finding plaintiff's desire to return to and attempts to work after alleged onset of disability inconsistent with disability). The ALJ properly considered this evidence to support that Plaintiff could perform work at a medium exertion level.

Moreover, the ALJ did not only ask the VE about work at medium level, but also asked about jobs that Plaintiff could perform at a light exertion level. (Tr. 90-95). The VE testified, and the ALJ noted, that Plaintiff could perform work as an inspector, hand packager, ticket marker, and mail clerk all at the light exertion level. (Tr. 23, 90-95). Substantial evidence from the record, including Dr. Patty and Dr. Lewis' opinions, and Plaintiff's receipt of unemployment benefits, support the ALJ's RFC determination of Plaintiff being able to perform jobs at both the medium and light exertional level.

### B. The ALJ incorporated Plaintiff's moderate limitations in concentration, persistence, and pace into the hypothetical questions posed to the VE and the RFC

Next, Plaintiff argues that the ALJ erred in failing to incorporate Plaintiff's moderate concentration, persistence, and pace limitations into the RFC or hypothetical questions. Plaintiff claims that the ALJ's limitation to jobs that are unskilled does not adequately account for Plaintiff's moderate limitations. While that may be true if the ALJ only referenced Plaintiff's limitations in limiting her to unskilled work, that is not the case here. Rather, the ALJ clearly included Plaintiff's limitations in her RFC and hypothetical questions to the VE, limiting Plaintiff to unskilled work with no production rate pace work, only occasional change in the routine workplace setting, and work that allowed the individual to be off task 10 percent of the work period. (Tr. 15, 90, 92). The VE confirmed that work existed in the national economy for an individual with these limitations. (Tr. 90-92).

An ALJ may rely on the VE's testimony to establish nondisability provided that the hypothetical questions posed to the VE "comprises all of the claimant's impairments." *Zoslow v. Comm'r of Soc. Sec.*, 778 F. App'x 762, 764 (11th Cir. 2019). While the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Id.* "Where the hypothetical employed with the

vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence." *Grimes v. Comm'r of Soc. Sec.*, No. 6:11-cv-568, 2012 WL 3244541, at *12 (M.D. Fla. June 18, 2012).

At step three, the ALJ considered the "paragraph B" criteria in the "psychiatric review technique" ("PRT") section of her order and found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace.[3] (Tr. 15). The Eleventh Circuit has held that when the ALJ identifies moderate difficulties with regard to concentration, persistence, or pace, the ALJ must either account for this limitation in the claimant's RFC or indicate that the medical evidence shows that the claimant's limitations did not affect the claimant's ability to work. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180–81 (11th Cir. 2011). The Eleventh Circuit also held that merely limiting a plaintiff to simple, routine tasks did not necessarily account for a finding of moderate difficulties with regard to concentration, persistence, or pace absent evidence the ALJ determined the evidence did not support a greater limitation. *Id.*

The ALJ's decision here, however, clearly indicates that the ALJ considered the medical evidence and determined that it did not establish that Plaintiff's ability to work was affected by her moderate limitations with regard to concentration, persistence, and pace beyond the limitation included in the RFC. The hypothetical question posed to the VE and the RFC account for Plaintiff's limitations in concentration, persistence, and pace. The ALJ not only limited Plaintiff to unskilled work, but also limited her to no production rate pace work, only occasional change in the routine workplace setting, and work that allows her to be off task 10 percent of the time.

---

[3] PRT findings are used to determine whether the claimant's impairments are severe and whether they meet any of the disability listings, but the PRT findings are more general than the detailed findings used to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520a; SSR 96-8p, 61 Fed. Reg. 34474-01 (July 2, 1996).

In addition, the ALJ explicitly stated that Plaintiff's RFC "reflects the degree of limitation [the ALJ] found in the 'paragraph B' mental functional analysis. [i.e. the PRT section]." (Tr. 15). Plaintiff's claim that the ALJ's limitations are inconsistent with the State agency psychologist's opinion is also without merit. The ALJ gave state agency psychological consultant Theodore Weber, Psy.D. great weight. (Tr. 19-20). Dr. Weber opined that Plaintiff is able to understand and remember simple instructions, complete simple tasks/work procedures, and make work decisions. (Tr. 19, 98-109). Dr. Weber further opined that Plaintiff may have difficulties with maintaining attention and concentrations for extended periods and carrying out detailed instructions. (Tr. 19, 98-109). The limitations the ALJ included in the hypotheticals to the VE and Plaintiff's RFC are consistent with Dr. Weber's opinion.

Further, the ALJ noted that Dr. John Grace reported on separate examinations that Plaintiff appeared grossly intact or at baseline regarding orientation, recent and remote memory, concentration, and fund of knowledge. (Tr. 19, 997-1080). Dr. Grace also reported that Plaintiff's thought process speed was appropriate. (Tr. 19, 997-1080). The ALJ also considered the evidence of Plaintiff's daily functioning and noted that Plaintiff reported that she regularly goes to the library to use the computer and check out books and plays games, activities that require concentration. (Tr. 20). Moreover, the ALJ gave great weight to Dr. Bokarski's opinion that Plaintiff was cognitively capable of independent management of any funds to which she is currently entitled. (Tr. 21, 935-41).

Here, Plaintiff has failed to establish that the record supports greater limitations than those accounted for in the hypothetical question to the VE and in her RFC. The ALJ considered Plaintiff's moderate limitation with regard concentration, persistence, and pace and accounted for Plaintiff's limitations in determining Plaintiff's RFC.

### IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g)

**DONE and ENTERED** in Ocala, Florida on August 25, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties